IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES R. GREEN, | § | |
| | § | |
| v. | § | C.A. NO. C-07-368 |
| | § | |
| WARDEN O. PEREZ. | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. He is being held at the Texas Department of Criminal Justice, Correctional Institutions Division's Willacy Unit, which is located in Raymondville, Texas.

Petitioner is challenging his conviction and sentence in the 186th Judicial District Court in Bexar County, Texas for aggravated assault. (D.E. 1, at 2-3). In Ground One, he claims that he was denied his constitutional right to effective assistance of counsel at trial. Id. at 8. In Ground Two, he claims that his conviction was obtained through the use of a coerced confession. Id. In Ground Three, he claims that his conviction was obtained through the use of an involuntary plea. Id.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted on June 21, 2006 in the 186th Judicial District Court in Bexar County, Texas, (D.E. 1, at 2), which is located in the San Antonio Division of the Western District of Texas. See 28 U.S.C. § 124(d)(4). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Western District of Texas, San Antonio Division.

ORDERED this 22nd day of September 2007.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

2